# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1997

**FILED**

June 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO.** 03C01-9603-CR-00113 |
| | ) | |
| Appellee, | ) | |
| | ) | **KNOX COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. RAY L. JENKINS, JUDGE** |
| **FERNANDO REMIRUS HAYLES,** | ) | |
| | ) | |
| Appellant. | ) | **(VOLUNTARY MANSLAUGHTER)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**KIMBERLY A. PARTON**                    **JOHN KNOX WALKUP**
Attorney at Law                         Attorney General & Reporter
407 Union Avenue, Suite 209
Knoxville, TN   37902                    **WILLIAM D. BRIDGERS**
                                        Assistant Attorney General
                                        450 James Robertson Parkway
                                        Nashville, TN  37243-0493

                                        **RANDALL E. NICHOLS**
                                        District Attorney General

                                        **S. JO HELM**
                                        Assistant District Attorney General
                                        400 Main
                                        P.O. Box 1468
                                        Knoxville, TN  37901-1468

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Fernando Remirus Hayles, appeals as of right according to Rule 3 of the Tennessee Rules of Appellate Procedure. Following a jury trial, the Defendant was convicted of voluntary manslaughter in the Criminal Court of Knox County. He was sentenced by the trial court to serve six (6) years imprisonment as a Range I Standard Offender. The Defendant raises two issues in his appeal: (1) the trial court erred in refusing to allow testimony which would tend to support the Defendant's theory of self-defense on the issue of the first aggressor; and (2) the sentence imposed by the trial court was excessive due to the trial court's improper consideration of both aggravating and mitigating factors. We affirm the Defendant's conviction.

While the Defendant does not challenge the sufficiency of the evidence, a short recitation of the facts is necessary for our review. On April 16, 1994, the Defendant and the victim, James Lawrence Lewis, became involved in a verbal argument after arriving in different vehicles in the area of Goins Drive in Knoxville. The Defendant and the victim had been friends for several years. It was not uncommon for the two to argue, but prior to this date the arguments had never resulted in violence. On this particular evening, their argument became heated. Witnesses testified the Defendant appeared "wide-eyed and frightened." Subsequently, the Defendant pulled out a gun from underneath his jacket and fired several times at the victim. Several persons were standing in the immediate area. Three bullets struck the victim, and, shortly thereafter, he died. The Defendant ran away from the scene, but he later turned himself in to the

police. Indicted for second degree murder, the jury found him guilty of the lesser grade offense of voluntary manslaughter.

I.

The Defendant argues that the trial court erred in denying admission of testimony which would tend to support the Defendant's theory of self-defense. Whether or not the Defendant acted in self-defense is a question for the jury to determine. See Arterburn v. State, 216 Tenn. 240, 391 S.W.2d 648, 653 (Tenn. 1965); State v. Fugate, 776 S.W.2d 541, 545 (Tenn. Crim. App. 1988). Defendant sought to prove through both cross-examination of State's witnesses and through direct examination of defense witnesses that his shooting the victim was only as a result of the victim's acts of aggression. Through various witnesses the Defendant sought to introduce threats the victim made against the Defendant. After hearing various arguments of counsel, the trial court ruled these statements were inadmissible hearsay.

Tennessee Rules of Evidence 803 sets forth the hearsay evidence exceptions. The "state of mind" exception provides the following:

> Then existing Mental, Emotional or Physical Condition. --A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Case law which predates the adoption of the Tennessee Rules of Evidence provides that statements by the victim which tend to show the victim's animosity toward the defendant in a case where self-defense is an issue are admissible if

-3-

relevant to explain the conduct of the deceased in establishing who was the first aggressor.  See State v. Butler, 626 S.W.2d 6, 11 (Tenn. 1981).

This Court recently held that a victim's state of mind was relevant to the defendant's claim of self-defense and admissible pursuant to the Tennessee Rules of Evidence and Butler.  State v. Ruane, 912 S.W.2d 766, 778-79 (Tenn. Crim. App. 1995).

However, in the case sub judice, the Defendant made no offer of proof as to what the witnesses would testify regarding threats made by the victim. In addition, in one of the situations where Defendant claims error by the trial court, counsel stated in the record that she was not asking the witness to testify as to the declarant's statement, but was only asking the witness if a certain question was asked the declarant.  While the record is clear that defense counsel, at certain points, was anticipating the witnesses would testify as to threats made by the victim, without any offer of proof, we are unable to determine whether or not the witnesses could actually testify as to whether any threats were made by the victim toward the Defendant.

Rule 103 Tennessee Rules of Evidence provides in part as follows:

**Rule 103. Rulings on Evidence** - (a) Effect of erroneous ruling. -- Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

* * *

(2) Offer of Proof. -- In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

This Court has held that there are two purposes of an offer of proof: (1) the proof informs the trial court what the party intends to prove so that the court may make an intelligent ruling and (2) an offer of proof creates a record so that the appellate court can determine whether or not there was reversible error in excluding the evidence. Alley v. State, 882 S.W.2d 810, 815 (Tenn. Crim. App. 1994).

In this particular case, we are unable to determine whether or not reversible error occurred absent an offer of proof by the Defendant at trial. Accordingly, pursuant to Rule 103, Tennessee Rules of Evidence, this issue is without merit.

II.

The Defendant argues that the six (6) year sentence imposed by the trial court was excessive given consideration of the facts as they relate to the enhancing and mitigating factors of Tennessee Code Annotated sections 40-35-113 and -114. When an accused challenges the length, range, or the manner of

service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the sentencing principles and all relevant facts and circumstances in the record. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Even if we would have preferred a different result, if our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and supported the findings of fact adequately from the record, then we may not modify the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting a de novo review of the sentence, this court must consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

For the offense of voluntary manslaughter, the legislature has designated a Class C felony sentence of not less than three years nor more than six years for a Range I standard offender. See Tenn. Code Ann. § 40-35-

-6-

112(a)(3). In applying the maximum range of punishment of six years, the trial court in the case sub judice used the following enhancement factors: (1) the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release; (2) the Defendant possessed or employed a firearm during the commission of the crime; (3) the Defendant had no hesitation about committing a crime when the risk to human life was high; (4) the crime was committed under circumstances in which the potential for bodily injury to a victim was great; (5) the felony was committed while the Defendant was on release from probation of a felony conviction in the juvenile system. See Tenn. Code Ann. § 40-35-114.

First, the Defendant's presentence report documents his unwillingness to comply with the conditions of his earlier probation in the juvenile system. The Defendant was to continue to attend high school and to meet a variety of other conditions, including paying court costs and restitution and doing community service work. At the time of the report, the Defendant had dropped out of school. Furthermore, the presentence report indicates that Defendant was asked by the reporting officer why he had dropped out of school during his senior year. The Defendant replied that "I got lazy and started running with the wrong crowd." Application of the first enhancement factor was therefore appropriate.

During the commission of the crime, Defendant possessed and employed a handgun, and therefore application of this particular enhancement factor was also appropriate. As use of a firearm is not an element of voluntary manslaughter, this sentencing factor can be used to enhance the Defendant's

sentence. See State v. Raines, 882 S.W.2d 376 (Tenn. Crim. App. 1994); State v. Butler, 900 S.W.2d 305, 312-13 (Tenn. Crim. App. 1994).

The record reflects that the trial court considered the enhancement factors of a lack of hesitation to commit the crime when the risk to human life is great and that the crime was committed under circumstances in which the potential for bodily injury to a victim was great together. As the facts of this case show, the crime was committed by the Defendant firing up to five shots from his handgun at a time when several people were in the immediate area, therefore application of both these enhancement factors is appropriate. State v. Ruane, 912 S.W.2d 766, 784 (Tenn. Crim. App. 1995); State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995).

However, the trial court erred by applying the enhancement factor that the crime was committed while the Defendant was on probation from a prior felony conviction. Defendant was on probation from a finding of delinquency in the Juvenile Court of Knox County. While the act committed by the Defendant as a juvenile may have constituted a felony if committed by an adult, the Defendant did not have a prior felony conviction, and therefore his release status was not from a prior felony conviction.

The Defendant raised the following mitigation factors at the sentencing hearing: (1) the Defendant acted under strong provocation; (2) substantial grounds existed to excuse the Defendant's criminal conduct, though failing to establish a defense; (3) because of his youth, the Defendant lacked substantial judgment in committing the offense; (4) the Defendant assisted the

authorities in recovering persons or property involved in the crime; (5) the Defendant, though guilty of the crime, committed the crime under such unusual circumstances that it is unlikely a sustained intent to violate the law motivated his conduct.  See Tenn. Code Ann. § 40-35-113. It is evident from our review of the record that the trial court used due consideration and proper weight in denying application of these mitigation factors.  Even if some evidence of mitigation existed, where the mitigation factors are strongly outweighed by the enhancement factors, as in this case, the maximum sentence is warranted.  State v. Ruane, 912 S.W.2d 766, 785 (Tenn. Crim. App. 1995).

Even though the trial court erroneously applied one enhancement factor, we find that the trial court placed great weight on the remaining enhancement factors, and the record reflects that the appropriate enhancement factors strongly outweigh any evidence of mitigation.

We therefore affirm the trial court's sentence of six (6) years.

Finding no reversible error, we affirm the judgment of the trial court.


_____
THOMAS T. WOODALL, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JERRY L. SMITH, Judge